On Motion to Dismiss.
Wyly, J.
The plaintiffs, James Rea-ly and twenty other persons, property owners, fronting on a certain shell-ro.ad constructed by J. J. O’Hara, under a contract with tne city of New Orleans, sue to annul the contract on the grounds stated in the petition. And the defendant O’Hara sets up a reconventional demand against each of the plaintiffs for the amount due by them to him under said contract.
*170 The suit as to all the plaintiffs was dismissed on. various exceptions, except as to Schmidt, Miller, Lockhart, Reynolds, Fareday, and Sick-forth, contradictorily with whom judgment was rendered rejecting their demand and sustaining the reconventional demand of J. J. O’Hara against them. From this judgment they have appealed.
Seven only of the plaintiffs who were dismissed on exception have appealed, and in this court they have signed a written consent to discontinue the suit and dismiss the appeal. The six appellants, therefore, contradictorily with whom the case was tried on the merits, are the only contestants on the part of plaintiffs now before the court. As to them the defendants move to dismiss the appeal.
First — Because the matter in dispute against each of them is less than $500.
Second — Because the appeal bond was not signed by the appellants, but only by the surety.
Third — Because the bond was filed after the time for a suspensive appeal had expired.
1. The matter in dispute is the sum claimed by the defendants under a contract with the city for building a shell-road and the amount involved in that contract far exceeded five hundred dollars. If the court below had held the contract to be invalid, the defendants would doubtless have been clamorous for an appeal, because the controversy as to them involved the validity of a contract in which they have-an interest .of many thousands of dollars. As they could appeal if the judgment had been against them, the plaintiffs also can appeal.
2. The surety signed the appeal bond. This is sufficient, the appellants, parties to the suit, being bound without signing the bond, to abide the result of the litigation.
3. The appeal bond was filed in time. The delay occasioned by the mandamus proceedings to compel the judge to grant the appeal can not prejudice the appellants.
The motion to dismiss the appeal from the judgment on the merits is denied ; and the motion to dismiss the appeal from the judgment on the exception by written consent of the parties is granted, appellants from said judgment paying costs of appeal.